UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

LU JIANWANG,

                    Defendant.

23-CR-316-NRM-1

**<u>JURY INSTRUCTIONS</u>**

NINA R. MORRISON, United States District Judge:

Now that the evidence in this case has been presented and the attorneys for the government and the defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts:

First, I will instruct you regarding the general rules concerning the duties of a jury in a criminal case.

Second, I will instruct you as to the legal elements of the crimes charged in this case. That is, I will tell you what the government must prove beyond a reasonable doubt to permit a guilty verdict.

Third, I will instruct you as to some general rules regarding your deliberations.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

1

# I. GENERAL INSTRUCTIONS

## A. THE FUNCTION OF THE COURT, THE JURY, AND COUNSEL

### 1. <u>The Duties of the Jury</u>

To begin with, it is your duty to find the facts from all the evidence or lack of evidence in this case. You are the sole judges of the facts and it is therefore for you and you alone to determine the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you decide are reasonable and warranted from the evidence.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

You must apply the law to the facts as you find them in keeping with my instructions. While the lawyers may have commented on some of these rules, you must be guided only by what I instruct you about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others; even if you disagree with some of the rules or don't understand the reasons for some of them, you must follow them.

### 2. <u>Role of the Court</u>

It is my duty to instruct you on the law. You must accept my instructions and apply them to the facts as you determine them.

You must also consider these instructions as a whole during your deliberations and may not single out any instruction as alone stating the law.

### 3. <u>Parties Are Equal Before the Court</u>

You are to perform the duty of finding the facts with fairness and impartiality, and without bias or prejudice towards any party.

The fact that this prosecution is brought in the name of the United States government does not entitle the United States to any greater or lesser consideration than you give to the defendant, Mr. Lu.  Both the United States government and Mr. Lu are equals in a court of law.

The question before you is not: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

  4. <u>Conduct of Counsel</u>

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Attorneys also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked for a ruling on the law.

My rulings on the admissibility of evidence do not indicate any opinion about whether you should believe that evidence, or the weight or effect you may give to such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**B.  THE INDICTMENT**

Mr. Lu is charged in what is called an indictment, which is just a statement of charges or accusations.  The indictment is not itself evidence.  It does not create any presumption or permit any inference that he is guilty.

Each charge in the indictment is called a "count."  The indictment contains four counts.  Each count charges Mr. Lu with a different crime.  The number of counts charged is not evidence of guilt and should not influence your decision in any way.  You will be asked to render a separate verdict on each count, and you must consider the evidence and law that applies to each count separately.  Whether you find Mr. Lu guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

## C.  BURDEN OF PROOF

### 1.  <u>Presumption of Innocence</u>

Mr. Lu has pleaded not guilty to each of the charges in the indictment.  To convict a defendant of a crime, the burden is on the prosecution to prove that defendant's guilt of each element of that criminal charge beyond a reasonable doubt.  This burden never shifts to Mr. Lu, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  In other words, each person accused of a crime starts with a clean slate.  Mr. Lu is presumed innocent of each charge against him until such time —  if ever — that you as a jury are satisfied that the government has proven that he is guilty of that charge beyond a reasonable doubt.

The presumption of innocence remains with Mr. Lu even now as I speak to you, and it will continue with him into your deliberations. That means that you are required to find Mr. Lu not guilty unless and until, after careful and impartial consideration of all the evidence or lack of evidence in this case, you, as jurors, are convinced unanimously that the government has proven his guilt beyond a reasonable doubt as to the charge you are considering.

2.     <u>Burden of Proof on Government</u>

Because the law presumes Mr. Lu to be innocent, the burden of proving his guilt beyond a reasonable doubt rests with the government throughout the trial. A defendant never has the burden of proving his innocence. Indeed, a defendant need not produce any evidence at all.

3.     <u>Proof Beyond a Reasonable Doubt</u>

Because the government is required to prove each defendant's guilt beyond a reasonable doubt, the question then is: What is a reasonable doubt?

It is the highest burden of proof imposed by our legal system. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt that would cause a reasonable person to hesitate to act in making the most important decisions in his or her own life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the making the most important decisions in his or her own life.

A reasonable doubt is not mere speculation or suspicion. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to Mr. Lu's guilt with respect to any element of a particular charge against him, you must find him not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Lu's guilt with respect to each and every element of a particular charge against him, you should find him guilty of that charge.

Again, you should keep in mind that the burden of proof is always on the government and Mr. Lu is not required to call any witnesses or offer any evidence to establish reasonable doubt, since he is presumed to be innocent.

## D. EVIDENCE, INFERENCES, AND CREDIBILITY

### 1. <u>What Is and Is Not Evidence</u>

The evidence you should consider comes in several forms:

- Sworn testimony of witnesses, both on direct and cross-examination, and regardless of who called them;

- Exhibits that have been received into evidence by the Court; and

- Facts as to which both parties have agreed to in a stipulation. A stipulation is an agreement among the parties that a certain fact is true, and may be read to you by the parties or by the Court. You should regard such agreed facts as true.

Certain things are not evidence and must therefore be disregarded by you. The following are not evidence:

- The contents of the indictment are not evidence.

- Arguments or statements by lawyers are not evidence.

- Questions asked to the witnesses are not evidence. If a witness affirms a particular fact in a question by answering "yes," you may consider that fact as something that the witness has agreed on; but the weight that you give that fact is up to you.

- Objections to questions or to offered exhibits are not evidence. Attorneys have a duty to their clients to object when they believe evidence should not be admitted at trial. You should not be influenced by attorneys' objections or by the Court's ruling on them. If the objection was sustained, ignore the question. If the question was answered before the objection was sustained, you should ignore the question and answer. However, if the objection was overruled, you may consider the answer and treat it like any other answer.

- Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence.

- Obviously, anything you may have seen or heard outside the courtroom is not evidence.

- Nothing that I have said or done is evidence. Your decision must be based on your own assessment of the evidence, not any speculation about what the judge or anyone else in the courtroom might think about the evidence.

2.    <u>Available Evidence</u>

Although the government bears the burden of proof, the law does not require the government to call as witnesses all persons who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. You should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

You may, however, consider the absence of evidence in determining whether the government has met its burden of proof beyond a reasonable doubt. Mr. Lu, of course, has no burden to offer any evidence.

Additionally, there is no legal requirement that the government use any specific investigative technique or pursue every investigative lead to prove its case. However, it is perfectly permissible for the defense to attack the reliability of the government's investigation in arguing that the government has not sustained its burden to prove the defendant guilty beyond a reasonable doubt. Your role is to determine whether it has sustained that burden based on the evidence or lack of evidence.

3.      Inferences Drawn from the Evidence

During the trial you have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion, a hunch, or a guess. It is a reasoned, logical conclusion from the facts that have been presented to you.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one

set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw from the evidence.

4.      Direct and Circumstantial Evidence

In deciding whether or not the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, when a witness testifies to what he or she personally saw, heard, or observed, that is called direct evidence. And as with any other kind of evidence, it is up to you, the jury, to determine whether you believe some, all, or none of the direct evidence to which a witness may have testified, and what weight to give that evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts.  For example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a garden hose that was turned on, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

5.      Translations [AS APPLICABLE]

During the trial, [you have heard from some witnesses who testified in Fujianese or Mandarin, and whose testimony was translated into English.  You have

9

also] been shown audio and video recordings and documents that were partially or entirely in Fujianese or Mandarin, or in written Chinese, and you were provided with English translations of those recordings or documents or portions of them. The interpreters translated the witnesses' testimony, and the parties agreed on the English translations of the recordings and documents. Fujianese- or Mandarin-to-English translations of that evidence have been admitted into evidence. All jurors must consider the same evidence. If any of you speak or read or know any Fujianese, Mandarin, or written Chinese, you must still base your decision on the evidence presented in the English translation. You should consider these translations like any other evidence in this case.

6.      Redactions [IF APPLICABLE]

Some of the documents and audio recordings entered into evidence in this case have been redacted, meaning parts were deleted. Redactions were required for legal reasons which are not relevant to your determination of the issues in this case. I instruct you that you should not speculate about the material that was redacted or the reasons for the redaction.

7.      Evidence Obtained Pursuant to Lawful Procedures

You have heard and seen evidence in the form of recordings of written communications that were obtained without the knowledge of some or all of the parties to those conversations. You have also seen evidence obtained from electronic devices. The use of these procedures to gather evidence is perfectly lawful and the government has the right to use such evidence in this case.

8.  <u>Other Persons Not on Trial</u>

You have heard evidence about the possible involvement of certain other people in the crimes charged in the indictment.  You may not draw any inference, favorable or unfavorable, towards the government or Mr. Lu from the fact that other people whose names may have been mentioned during the trial are not on trial before you.  You should neither speculate as to the reason these other people are not on trial before you nor allow their absence to influence your deliberations in this case.  The only issue in this case is whether or not the government has proven the charges against Mr. Lu beyond a reasonable doubt.

9.  <u>Number of Witnesses and Uncontradicted Testimony</u>

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should find the facts in favor of the side offering more witnesses or evidence.  By the same token, you do not have to accept the testimony of any witness if you find the witness not to be credible. You will decide which witnesses to believe, which facts are true, and what conclusions you should draw from their testimony.  To do this, you must look at all the evidence, drawing upon your own common sense and personal experience, keeping in mind that the burden of proof is always on the government.

I remind you again that the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

10.  <u>Defendant's Choice Not to Testify [IF APPLICABLE]</u>

Mr. Lu did not testify in this case.  Under our Constitution, defendants have no obligation to testify or to present any other evidence because it is the government's

burden to prove any defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent because he is presumed to be innocent under the law.

You may not attach any significance to the fact that Mr. Lu did not testify. You may not draw an adverse inference against him because he did not take the witness stand. You may not consider this against Mr. Lu in any way in your deliberations in the jury room.

11.  Testimony of Law Enforcement Officers

During the trial, you heard testimony from law enforcement officers. The testimony of these witnesses should be evaluated in the same manner as the testimony of any other witness. The mere fact that a witness is or was employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness. It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness (in whole or in part), and what weight, if any, that testimony deserves.

12.  Credibility of Witnesses and Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony. Each witness who testified took an oath to speak the truth. But you may decide that a witness was not truthful, or was mistaken, in his or her testimony, based on factors like the appearance and conduct of the witness, by

how the witness testifies, by the character of the testimony given, or by other evidence or testimony that conflicts with that witness's testimony or calls its reliability into question.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other evidence that tends to indicate whether a witness's testimony should be believed. For example, you might consider each witness's motive, state of mind, interest in the prosecution or defense of the case, and his or her demeanor while on the stand. Was the witness candid, frank, and forthright? Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony or did the witness contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit his or her testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, consider whether it pertains to an important issue or to an unimportant detail, and whether it results from innocent error, on the one hand, or intentional falsehood, on the other. You may

also consider whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If a witness is shown knowingly to have testified falsely concerning any important matter, you are free to discredit other aspects of that witness's testimony; you may reject all the testimony of that witness, or you may assign it such weight as you think it deserves.

In determining the weight to be accorded a witness's testimony, you may also consider any evidence that the witness who testified may benefit in some way from giving testimony that favors one side or the other, or from the outcome of this case. If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. A witness may have a very strong interest in the outcome of the trial and still give entirely truthful testimony. It is for you to decide to what extent, if at all, the witness's testimony may have been influenced in any way by a desire to receive a benefit from the government.

13.    <u>Preparation of Witnesses [IF APPLICABLE]</u>

There was testimony at trial that the attorneys for the government, as well as case agents and other people working with the attorneys, interviewed witnesses when preparing for and during the course of the trial. There is nothing unusual or improper about a witness meeting with lawyers or agents before testifying. The weight you

give to whether or how a witness prepared for his or her testimony, and what inferences you draw from it, is completely within your discretion.

14.     Prior Inconsistent Statements [IF APPLICABLE]

You may have heard evidence that certain witnesses made statements on earlier occasions which are inconsistent with the witnesses' trial testimony. Evidence of the prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of any witnesses who may have contradicted themselves. If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in evaluating his or her credibility, and in deciding how much of his or her trial testimony, if any, to believe.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and, if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part or none of the witness's testimony.

15.     Punishment

The question of what sentence Mr. Lu might face if he is convicted of any criminal charges is not for you to consider or decide, and should not influence your deliberations. The duty of deciding and imposing a sentence if a person is convicted at trial rests exclusively upon the Court. Your role is to weigh the evidence and to determine whether or not the government has proven that Mr. Lu is guilty beyond a reasonable doubt.

16.     Sympathy, Bias, or Prejudice

In deciding whether the government has met its burden of proof beyond a reasonable doubt, it would be improper for you to consider any personal feelings you may have about the race, ethnicity, national origin, religion, gender, age, or political views or affiliations of Mr. Lu or any of the witnesses. You must discharge your duties without discrimination, meaning that you must not be influenced by any personal likes or dislikes, opinions, prejudices, or biases, including unconscious bias.

Unconscious biases are stereotypes or attitudes that people may consciously reject but may be expressed without conscious awareness, control or intention. Unconscious biases can affect how we evaluate information and make decisions. All of us, no matter how hard we try, tend to look at other people and consider what they say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. You must do the best you can to put aside such stereotypes.

Under your oath as jurors, you are also not to be swayed by any sympathy you may feel for one side or the other, nor for any witness who may have testified in this case. You are to be guided solely by the evidence in this case.

It is for you alone to decide whether the government has met its burden of proof beyond a reasonable doubt as to each element of the crimes charged, solely based on the evidence before you and subject to the law as I charge you. If you let fear, prejudice, bias, or sympathy interfere with your thinking, you will not arrive at a true and just verdict.

**II. THE LEGAL ELEMENTS OF THE CRIMES CHARGED**

I turn now to the second part of my instructions. Those are instructions about the legal elements of the specific charges against Mr. Lu.

**A. SUMMARY OF THE INDICTMENT**

In order to place my instructions in context, I will start by giving you a summary of the crimes charged as stated in the indictment. However, I remind you again that this summary of the indictment is <u>not</u> evidence; rather, the indictment is simply an accusation and the way that criminal charges are brought. The fact that Mr. Lu has been indicted on — that is, charged with — these crimes may not be considered by you in any way as evidence of his guilt.

The indictment contains three counts.

Count One charges Mr. Lu with conspiracy to act as an agent of a foreign government, the People's Republic of China, without prior notification to the Attorney General of the United States between January and October 2022. Count Two charges Mr. Lu with acting as an agent of a foreign government, the People's Republic of China, without prior notification to the Attorney General of the United States between January and October 2022. Count Three charges Mr. Lu with obstruction of justice in October 2022.

I will now explain the law you must apply to each of these counts in the indictment. I will start by providing some definitions and clarifications, and then I will instruct you as to the law relating to each count.

Keep in mind that you must consider each count separately, and you must return a separate verdict for each count in which he is charged.

## B. ACTING KNOWINGLY, INTENTIONALLY, AND WILLFULLY

Each of the Counts requires a finding as to the state of mind of Mr. Lu in order to convict him. As a general rule, the law holds people accountable only for conduct in which they intentionally engaged. During these instructions, you will hear me use the terms "knowingly," "intentionally," and "willfully." I will now define these terms for you.

### 1. *Knowingly*

A person acts "knowingly" if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

### 2. *Intentionally*

A person acts "intentionally" if he or she acts deliberately and purposefully. That is, the acts must have been the product of his or her conscious objective, rather than the product of a mistake or accident.

### 3. *Willfully*

An act is done "willfully" if it is done knowingly and with the intent to do something the law forbids, or with a bad purpose to disobey or disregard the law. A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Whether a person acted knowingly, intentionally, or willfully is a question of fact for you to determine, like any other fact question. In deciding whether the government has proven that Mr. Lu acted with a particular state of mind, you may consider circumstantial evidence, such as his words, his conduct, his acts and all the

surrounding circumstances that were shown by the evidence, and the rational or logical inferences that you draw from the evidence.

Each of the elements of the crime charged — including whether Mr. Lu acted knowingly, intentionally, or willfully with respect to that charge — must be proven by the government beyond a reasonable doubt.

## C.  TERMS USED IN THESE JURY INSTRUCTIONS VS. TERMS IN THE INDICTMENT

You will see that the indictment at times uses the word "and" where my instructions use the word "or."  This is a result of how the government brings charges, and it is not a statement of law.  Where my instructions use the word "or" to describe an element of the crime charged, you should apply the facts to the law using the word "or," even if the indictment uses a different word.

For example, Count Three of the indictment charges that Mr. Lu did knowingly, intentionally and corruptly alter, destroy, mutilate *and* conceal a record, document *and* other object.  However, the criminal statute that Mr. Lu is charged with violating states that a person is guilty of that crime if he did knowingly, intentionally and corruptly alter, destroy, mutilate *or* conceal a record, document *or* other object

Where a statute specifies multiple alternative ways in which an offense may be committed — that is, by using the word "or" — the government only needs to prove one of those alternatives.  That is so even if the indictment alleges multiple ways in which the offense may have been committed.

## D.  DATES AND TIMING

19

In charging Mr. Lu with crimes occurring on certain dates, the indictment at times uses the terms "in or about," "on or about," or "between" certain dates. The government does not need to establish with certainty the exact date of an offense. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged. Similarly, it is not necessary for the government to prove, in Count One, that the conspiracy lasted throughout the entire period alleged, but only that it existed for some period within that time frame.

**E. COUNT TWO: ACTING AS AN UNREGISTERED AGENT OF A FOREIGN GOVERNMENT**

I will now instruct you on the law related to Count Two of the indictment, which charges Mr. Lu with acting as an unregistered foreign agent of the government of the People's Republic of China. I am instructing you on these Counts out of their original numerical order because of the ways that certain legal requirements overlap in these charges.

Count Two of the indictment reads:

> In or about and between January 2022 and October 2022, both dates being approximate and inclusive, the defendant LU JIANWANG, also known as "Harry Lu," together with others, did knowingly act in the United States as an agent of a foreign government, to wit: the government of the [People's Republic of China], without prior notification to the Attorney General of the United States, as required by law.

20

To prove the crime charged in Count Two, the government must establish each of the following elements beyond a reasonable doubt:

*First*, that Mr. Lu acted as an agent of a foreign government, specifically of the People's Republic of China;

*Second*, that Mr. Lu failed to notify the Attorney General that he would be acting as an agent of the People's Republic of China prior to so acting;

*Third*, that Mr. Lu acted knowingly; and

*Fourth*, that Mr. Lu acted, at least in part, as an agent of the People's Republic of China while in the United States.

I will now explain each of the elements in greater detail. Keep in mind that the government must prove each element beyond a reasonable doubt for you to convict Mr. Lu of this charge. If, for example, the government proves elements one, two, and three of a particular charge beyond a reasonable doubt, but does not prove the fourth element, you must find him not guilty of that charge.

The first element that the government must prove beyond a reasonable doubt as to Count Two is that Mr. Lu acted as an agent of a foreign government, specifically the People's Republic of China.

The term "foreign government" includes any person or group of persons exercising authority in fact or by law or right over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group or agency to which such sovereign authority or functions are directly or indirectly delegated.

21

The term "agent of a foreign government" means an individual, other than a diplomatic or consular officer or attaché, who agrees to operate within the United States subject to the direction or control of a foreign government or foreign government official who is operating in their official capacity as a representative of that government.

The first element that the Government must prove beyond a reasonable doubt is that Mr. Lu acted as an agent of a foreign government, specifically of the People's Republic of China. To establish that Mr. Lu is an "agent of a foreign government," the Government must prove either (1) that the Defendant acted pursuant to an agreement to operate at the direction or control of the People's Republic of China or (2) pursuant to an agreement to operate at the direction or control of an official of the People's Republic of China, while that official was acting in his or her official capacity as a representative of the Chinese government.

To be an "agent of a foreign government," a person must do more than act in a way that advances a foreign government's interests or independently pursues a goal that he shares with a foreign government. The person must be acting under the direction or control of the foreign government. However, a foreign government or official's involvement in the relationship does not need to be the same as an employer's control over the workings of an employee — a lesser degree of control is sufficient. An agreement to act as an agent of a foreign government need not be contractual or formalized, nor must payment or other compensation be received. The agreement may be established either by direct contact between the agent and foreign

government, or indirect contact with the foreign government through an intermediary.

The law also does not require that an agent be effective or successful, or that the agent act out of any particular motive. The actions taken under the direction or control of a foreign government do not have to be done in secret. Moreover, such agreement may be proven by circumstantial evidence.

You do not need to find that Mr. Lu was an agent during the entire time period specified in the Superseding Indictment. If all jurors agree that it has been shown beyond a reasonable doubt that Mr. Lu was acting as an agent of the Chinese government at any time within that period, and the Government has proven beyond a reasonable doubt all other elements of the offense as set forth in these instructions, then you must find Mr. Lu guilty.

The second element that the government must prove beyond a reasonable doubt is that Mr. Lu failed to notify the Attorney General that he would be acting as an agent of China prior to so acting. Under the law, notification must be made by the agent in the form of a letter, fax, or telegraph exchange addressed to the Attorney General, prior to beginning the services in the United States on behalf of the foreign government. [The notification must include the name or names of the agents, the address or addresses of the agents, the identity of the foreign government or foreign official for whom the agent is acting, a brief description of the activities to be conducted for the foreign government or foreign official, and the anticipated duration of the activities.] **[28 C.F.R. 73]**

The third element that the Government must prove beyond a reasonable doubt is that Mr. Lu acted "knowingly."  To find Mr. Lu guilty of this offense, you must find not only that he acted as an agent of the People's Republic of China, but that he knew that he was doing so, and that he knew that he had not provided prior notification to the Attorney General.  I have already instructed you on what "knowingly" means, and you should apply that instruction here.  It is not necessary, however, for the government to prove that Mr. Lu knew that there was a law that required him to provide notification to the Attorney General.

The fourth element that the government must prove is that Mr. Lu acted, at least in part, as an agent for the People's Republic of China while he was in the United States.  In other words, Mr. Lu must have taken at least some act in the United States while he was acting as an agent for the government of the People's Republic of China for you to convict him of this charge.

### F.  COUNT ONE: CONSPIRACY TO ACT AS AN UNREGISTERED AGENT OF A FOREIGN GOVERNMENT

Count One of the indictment charges Mr. Lu with conspiracy to act as an unregistered agent of a foreign government.  It reads as follows:

> In or about and between January 2022 and October 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LU JIANWANG, also known as "Harry Lu," together with others, did knowingly and willfully conspire to act in the United States as an agent of a foreign government, to with:

the government of the People's Republic of China ("PRC"), without prior notification to the Attorney General of the United States, as required by law, contrary to Title 18, United States Code, Section 951(a).

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose. A conspiracy to commit a crime is a separate and different offense from the underlying crime that the alleged conspirators intended to commit. Forming a conspiracy — a partnership for criminal purposes — is itself unlawful.

To prove that Mr. Lu is guilty of conspiracy, the government must prove each of the following three elements beyond a reasonable doubt:

*First,* two or more persons entered into the particular unlawful agreement charged in Count One;

*Second,* that Mr. Lu knowingly and willfully became a member of the charged conspiracy; and

*Third,* that an overt act occurred; that is, a member of the conspiracy took some action that advanced the goals of the conspiracy.

If the government fails to prove Mr. Lu guilty beyond a reasonable doubt of any of the three elements of Count One, you must find him not guilty of that count.

Let me now discuss these three elements in more detail.

1.      The First Element: Existence of a Conspiracy

First, the government must prove beyond a reasonable doubt that two or more persons entered into the particular agreement charged in Count One. In other words,

one person cannot commit the crime of conspiracy by himself. Rather, the proof must convince you that at least two people joined together in a common criminal scheme.

The government is not required to prove that members of the conspiracy met together or entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, every precise detail of the scheme, or the means by which its object or purpose was to be accomplished. What the government must prove beyond a reasonable doubt is that there was a mutual understanding between two or more people to cooperate with each other to accomplish an unlawful purpose.

The government argues that the objective of the conspiracy charged in Count One was to have Mr. Lu act as an unregistered agent of a foreign government. I previously instructed you on the law regarding acting as an unregistered agent of a foreign government, and you should apply those instructions in determining whether the government has proved that two or more persons agreed that Mr. Lu would act as an unregistered agent of a foreign government.

You may find that the existence of an agreement to act as an unregistered agent of a foreign government has been established by direct proof. However, since conspiracy is, by its very nature, often characterized by secrecy, you may also infer its existence from the conduct of the parties involved. In determining whether an agreement existed here, you may consider the actions and statements of all of those you find to be participants of the conspiracy alleged in Count One.

2.  The Second Element: Membership in the Conspiracy

The second element that the government must prove beyond a reasonable doubt is that Mr. Lu knowingly and willfully became a member of the charged conspiracy. I have already instructed you on what it means to act knowingly and willfully. You must apply those definitions here.

In deciding whether Mr. Lu was in fact a member of the conspiracy, you must consider whether Mr. Lu participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective. The government must prove beyond a reasonable doubt that Mr. Lu knowingly and willfully entered into the conspiracy with the specific intention of aiding the members of the conspiracy to accomplish its unlawful ends.

Mr. Lu's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of his other alleged co-conspirators, and the reasonable inferences that may be drawn from them. To become a member of the conspiracy, Mr. Lu does not need to have known the identities of every member or have been informed of all of their activities. Moreover, Mr. Lu does not need to have been fully informed as to all the details, or the scope, of the conspiracy in order for you to find that he knowingly joined the conspiracy.

The extent or duration of a defendant's participation in the conspiracy has no bearing on the issue of guilt. Any member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor parts in the scheme.

However, merely bring present at a place where criminal conduct is underway, or having a close relationship with other persons who were themselves engaged in criminal conduct, does not make Mr. Lu a member of a conspiracy to commit a crime. This is true even if Mr. Lu knows that a crime is being committed.

I caution you that mere knowledge of or acquiescence in an unlawful plan, without participation, is not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that defendant a member. Nor does a defendant's mere association with one or more members of the conspiracy make the defendant a member. A person may know, or be friendly with, or work with a criminal without being a criminal himself or herself. More is required under the law. What is required is proof beyond a reasonable doubt that Mr. Lu participated in a plan with personal knowledge of the purpose or objective — in this case, to act as an unregistered agent of a foreign government — and with the intention of aiding in the accomplishment of that specific crime.

3.     The Third Element: An Overt Act

The third element that the government must prove beyond a reasonable doubt is that an overt act was performed in furtherance of the conspiracy. An overt act is an action intended to help achieve the goal of the conspiracy.

The indictment alleges that the following overt acts were committed in the Eastern District of New York as to Count One. As I have previously instructed you, even though these accusations are in an indictment, Mr. Lu is presumed innocent of

28

having committed each of these acts unless and until he is proven to have done so beyond a reasonable doubt:

(1) On or about January 10, 2022, Mr. Lu attended a ceremony in Fuzhou, [China], at which the [Chinese] government officially launched an initiative with the goal of establishing overseas police service stations worldwide.;

(2) On or about and between January 20, 2022 and January 22, 2022, Mr. Lu attended the Fifth Session of the 12th Fujian Provincial People's Political Consultative Conference and the Sixth Session of the 13th Fujian Provincial People's Congress in [China].;

(3) On or about January 28, 2022, Mr. Lu invited a co-conspirator, Chen Jinping, to a WeChat group titled "First Batch of Overseas Service Centers."

(4) On or about February 13, 2022, Mr. Lu returned to the United States from [China], arriving at John F. Kennedy International Airport in Queens, New York.

(5) On or about February 15, 2022, Mr. Lu and Chen Jinping helped to establish an overseas police service station for the [Chinese] government in Manhattan, New York (the "Overseas Police Service Station").

(6) On or about March 24, 2022, Mr. Lu received an electronic communication from his contact at [China]'s Ministry of Public Security,

Liu Rongyan, directing him to confirm the location of a [Chinese] dissident and [] pro-democracy advocate residing in California, Xu Jie.

(7) On or about March 26, 2022, Mr. Lu sent an electronic communication to a coconspirator, Keith Chung, asking Keith Chung to help determine the location of Xu Jie.

(8) On or about April 21, 2022, Mr. Lu and others hosted principals from the [Chinese] Consulate of New York at the Overseas Police Service Station.

(9) On or about September 24, 2022, Liu Rongyan tasked Chen Jinping with removing an online article on FJSEN.com regarding the [Chinese] government's operation of the Overseas Police Service Station.

The government is not required to prove that all of these acts, or that any particular overt act, was committed at precisely the time alleged in the indictment. Nor must you find that Mr. Lu personally committed any of them. To satisfy its burden, the government must prove beyond a reasonable doubt that at least one of the alleged conspirators, not necessarily Mr. Lu, committed at least one overt act charged in the indictment for the purpose of furthering some objective of the conspiracy.

The overt act does not need to be criminal in nature when considered separately and apart from the conspiracy, as long as it is an act that furthers or lends to the accomplishment of the conspiracy's objective.

4.     <u>Co-conspirator Statements</u>

Now that I've explained the law regarding the charged conspiracy to you, I must explain one last thing regarding the charged conspiracy. Count One alleges that Mr. Lu participated in a conspiracy. I admitted into evidence against the Defendant certain acts and statements of others who are not defendants in this case, because these acts and statements were made by persons who, the government alleges, were co-conspirators of Mr. Lu.

The reason for allowing this evidence to be received against Mr. Lu has to do with the nature of the crime of conspiracy. When people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy, and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

Thus, if you find beyond a reasonable doubt that Mr. Lu was a member of the conspiracy charged in the indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy at the time those acts were committed or statements were made may be considered against Mr. Lu, so long as the acts or statements were reasonably foreseeable to Mr. Lu. This is so even if such acts were done and statements were made in Mr. Lu's absence and without his knowledge.

Before you may consider the statements or acts of a co-conspirator in deciding the issue of Mr. Lu's guilt, however, you must first determine, beyond a reasonable doubt, that the acts and statements were in fact made during the existence of, and in furtherance of, the conspiracy. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against Mr. Lu.

## G. COUNT THREE: OBSTRUCTION OF JUSTICE

Count Three of the Superseding Indictment charges the Defendant with obstruction of justice. Specifically, Count Three of the Superseding Indictment charges that:

> In or about October 2022, within the Eastern District of New York and elsewhere, the defendant LU JIANWANG, also known as "Harry Lu," together with others, did knowingly, intentionally and corruptly alter, destroy, mutilate and conceal a record, document and other object, to wit: one or more electronic messages between LU and one or more representatives of [China's] Ministry of Public Security, with the intent to impair the object's integrity and availability for use in an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York.

To prove the Defendant guilty of obstruction of justice, the Government must prove beyond a reasonable doubt each one of the following elements:

First, that Mr. Lu altered (or destroyed or mutilated or concealed) any record, document or tangible object, as alleged in the indictment;

Second, that Mr. Lu acted with the intent to impair the object's integrity or availability in an official proceeding; and

Third, that the Defendant acted corruptly.

I will now explain each of these elements in more detail.

The first element that the government must prove beyond a reasonable doubt is that Mr. Lu altered (or destroyed or mutilated or concealed) any record, document or tangible object, or attempted to do so, as alleged in the indictment. You should give each of these terms their common meaning.

The second element that the government must prove beyond a reasonable doubt is that Mr. Lu acted with the intent to impair the object's integrity or availability in an official proceeding. An individual acts with intent when he acts deliberately and purposefully.

An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal. You are instructed that a proceeding before a United States judge, a magistrate judge, or a federal grand jury investigation is an official proceeding.

The law does not require that the official proceeding be pending at the time of the defendant's actions, as long as the proceeding was foreseeable, such that the defendant knew that his actions were likely to affect the proceeding. Similarly, the

government does not have to prove that Mr. Lu knew that the proceeding was or would specifically be before a federal grand jury.

Nor does the law require that a person's actions succeed in actually impeding or obstructing justice. In other words, this second element is satisfied if the government proves beyond a reasonable doubt that Mr. Lu acted with intent to interfere with an official proceeding, regardless of whether he succeeded in interfering with an official proceeding.

To satisfy the intent element, it is not necessary for the government to prove that the defendant knew that he was breaking any particular law. Nor is it necessary for the government to prove that Mr. Lu did not have other reasons for his actions. The intent to impair an object's integrity or availability in an official proceeding need not have been the only reason for the action; however, the government must still prove beyond a reasonable doubt that it was a substantial motivating factor behind Mr. Lu's actions.

The third element that the Government must prove beyond a reasonable doubt is that Mr. Lu acted corruptly. To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice.

### III. FINAL INSTRUCTIONS FOR DELIBERATIONS

In a few minutes you will go to the jury room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

You are entitled to your own opinion, but you should exchange views with your fellow jurors and listen carefully to each other. While you should not hesitate to change your opinion if you are convinced that another opinion is correct, your decision must be your own. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your original view is wrong, do not hesitate because of stubbornness or pride to re-examine your own views, and to change an opinion if you become convinced that it is mistaken. On the other hand, you must not surrender your honest convictions and beliefs as to the weight or effect of evidence solely because of the opinion of your fellow jurors, because you are outnumbered, or merely to return a verdict. Your final vote must reflect your own conscientious belief and evaluation of the evidence in determining whether the government has or has not proven its case against Mr. Lu beyond a reasonable doubt.

The charges here are serious. A just determination of this case is important to the public, and it is equally important to Mr. Lu.

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The foreperson will be responsible for signing all communications to the Court and for handing them to the deputy marshal during your deliberations.

However, the foreperson's vote is entitled to no greater weight than that of any other juror. In this courthouse, the custom is for Juror No. 1 to be the foreperson. However, if Juror #1 does not wish to be the foreperson, or the jury decides, for whatever reason, to have another juror serve as the foreperson, you are free to do so.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may give a note to my deputy, signed by your foreperson, who will provide it to me. No member of the jury should ever attempt to communicate with me by any means other than a signed writing; and I will never communicate with any member of the jury about case through any method other than in writing, or verbally here in open court.

If you want to have some portions of the testimony repeated or provided to you, you can make the request by a note to my deputy. If you decide that you'd like testimony read or supplied to you, I suggest that you be as specific as possible about the portion of the testimony that you'd like. Longer portions of the testimony take longer for us to locate and review to make sure that we are giving you the appropriate portions and to get them back to you in the jury room. So the more specific you can be, the more quickly we will be able to get you the materials you request.

Similarly, if you wish to see any of the exhibits in evidence, you may make the request by note to my deputy and I will make arrangements for you to review the exhibit either in the jury room or here in Court.

Bear in mind also that you should not reveal to any person — not even to the Court — how the jury stands on any issues in your deliberations until after you have reached a unanimous verdict on all counts. So if you send a note to me during the trial, asking for evidence or addressing any topic, please don't tell me the results of any straw polls or votes you've taken so far.

Any verdict you reach must be unanimous, meaning that you all must agree on it. Once you have reached your verdict, you will record your decision on a verdict sheet that I have prepared for you. You should all agree on each answer on the verdict sheet. The foreperson should complete the verdict sheet, date it, and sign it. The foreperson should then give a note to the marshal outside your door stating that you have reached a verdict. Do <u>not</u> specify what the verdict is in your note. The foreperson should keep the verdict sheet until I ask for it. Again, if you send the Court a note to let us know you have reached a verdict, do not indicate what the verdict is.

Your oath sums up your duty — and that is, without fear or favor you will well and truly try the issues between these parties according to the evidence given to you in court and the laws of the United States.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.